# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MEGAN NEWMAN**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 22-278-BAJ-RLB**

**NATIONAL TRANSFER CENTER**
**MANAGEMENT SERVICES, LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 22, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MEGAN NEWMAN**                                     **CIVIL ACTION**

**VERSUS**                                           **NO. 22-278-BAJ-RLB**

**NATIONAL TRANSFER CENTER**
**MANAGEMENT SERVICES, LLC**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Amend Petition. (R. Doc. 15). The motion is opposed. (R. Doc. 18).

## I.     Background

Megan Newman, as Curatrix on behalf of Kathryn Carline, ("Plaintiff") initiated this medical malpractice action in State court, naming as defendant National Transfer Center Management Services, LLC ("Defendant" or "National Transfer"). (R. Doc. 1-1, "Petition")). Plaintiff alleges that on November 25, 2020, Ms. Carline's co-workers called for an ambulance when she suffered "a series of seizure-like events." (Petition ¶ 6). Plaintiff alleges that first responders transported Ms. Carline to the nearest hospital, Lakeview Regional Medical Center ("LRMC"), where a brain/head CT scan indicated a "hemorrhagic stroke resulting in a large brain bleed." (Petition ¶¶ 6, 8). Plaintiff alleges that Dr. Kevin Erwin, the emergency room physician consulted with Dr. Justin Owen, the on-call neurosurgeon, who recommended that Ms. Carline be transported to Tulane University Medical Center ("Tulane") "where neuro-interventional radiology was available so that [Ms. Carline] could undergo a hemicraniectomy." (Petition ¶ 9). Plaintiff alleges that National Transfer, LRMC, and Tulane are owned and operated by HCA Healthcare, which operates 184 hospitals and 15 "transfer centers" in the United States. (Petition ¶¶ 2, 7, 9).

1

Plaintiff alleges that LRMC staff called the National Transfer to coordinate a transfer to Tulane and the attending neurosurgeon agreed to the transfer. (Petition ¶ 10). Plaintiff alleges that National Transfer advised LRMC staff that air transportation was not available in light of the weather, and that "stat ground" transportation was requested from Acadian Ambulance Service, Inc. ("Acadian Ambulance"). (Petition ¶ 11). Plaintiff alleges that although LRMC staff requested advanced life support, Acadian Ambulance arrived with a ground unit that could only provide basic life support because National Transfer only requested basic life support transport. (Petition ¶¶ 12-13). Plaintiff alleges that when an advanced life support ground unit finally arrived, its "doors were stuck, and the Acadian employees were unable to load [Ms. Carline] into the ambulance," requiring an additional wait of over an hour for a functioning advanced life support ground unit to arrive and transport Ms. Carline to Tulane for surgery. (Petition ¶ 14). Plaintiff seeks recovery for damages resulting from the alleged "delay of critical treatment" for Ms. Carline. (Petition ¶¶ 15-16).

On November 22, 2021, Plaintiff requested a medical review panel pursuant to the Louisiana Medical Malpractice Act, La R.S. 40:1231.1 *et seq.* ("LMMA") against the following healthcare providers:

1.    Acadian Ambulance;
2.    George Schwindling, EMT with Acadian;
3.    Jessica Lehman, EMT with Acadian;
4.    LRMC;
5.    HCA Healthcare;
6.    Kevin Erwin, MD;
7.    Justin Owen, MD;
8.    Dewanna Bell, employee of LRMC; and
9.    Jessica Clement, R.N.

(R. Doc. 6-3; *see* R. Doc. 15-3 at 1-2). Plaintiff alleges that on February 8, 2022, the Louisiana Patient Compensation Fund advised that National Transfer was a "non-qualified defendant."

(Petition ¶¶ 3-4; *see* R. Doc. 6-1 at 3). Plaintiff initiated this action against National Transfer in State court on or about March 23, 2022. (R. Doc. 1-1).

On April 29, 2022, National Transfer removed this action alleging that this Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1; *see* R. Doc. 5).

On June 7, 2022, Plaintiff filed a Motion to Stay, which sought a stay of the action until the medical review panel could render a decision on the alleged medical malpractice of the non-joined potential defendants who are subject to the LMMA claims. (R. Doc. 6).

On July 26, 2022, the district judge granted the unopposed Motion to Stay, staying and administratively closing the action for a period of 180 days. (R. Doc. 10).

On August 16, 2022, the parties filed a Joint Motion to Modify Stay to allow National Transfer to "file its responsive pleadings to Plaintiff's Complaint and participate in the depositions in the medical review panel proceeding beginning on August 24, 2022." (R. Doc. 11 at 2). The district judge granted the motion, and amended the stay accordingly. (R. Doc. 12). National Transfer filed its Answer on August 23, 2022. (R. Doc. 13).

On January 20, 2023, the parties submitted a joint status report notifying the Court of the status of the medical review panel process, including the new deadline of July 4, 2023 for the medical review panel to render its opinion. (R. Doc. 14). The parties also requested that the current stay be extended another 180 days. (R. Doc. 14 at 3).[1]

On April 6, 2023, the medical review panel issued an opinion. (R. Doc. 15-4). Among other things, the opinion concludes that there were "miscommunications" between National Transfer and Acadian Ambulance, as well as between Nurse Clement and National Transfer, but

---

[1] The parties did not designate their request for an "extension" of the stay as a motion. The district judge did not issue a specific order extending the period of the stay.

were split on the issue of whether the delays rose to the level of gross negligence with respect to LRMC, Acadian Ambulance, and Nurse Clement. (R. Doc. 15-4 at 2-3).

On June 9, 2023, Plaintiff filed the instant Motion to Amend. (R. Doc. 15). Plaintiff seeks to add various additional factual allegations and to name the following additional non-diverse defendants (all alleged to be citizens of the State of Louisiana): LRMC, Nurse Clement, Dr. Erwin, Acadian Ambulance, EMT Schwindling, and EMT Lehman. (*See* R. Doc. 15-3 at 1-2).[2] Plaintiff states that she intends to file a motion to remand based on the lack of complete diversity after amendment is allowed. (R. Doc. 15-1 at 6). National Transfer opposes the motion on the basis that the *Hensgens* factors are not satisfied (*i.e.*, Plaintiff's sole purpose in seeking amendment is to defeat diversity jurisdiction, Plaintiff improperly delayed seeking amendment, and National Transfer will be prejudiced by the amendment). (R. Doc. 18).

On July 6, 2023, Plaintiff sought expedited consideration of the Motion to Amend, asserting that its deadline to file suit against the non-diverse defendants prior to the expiration of the applicable prescriptive periods. (R. Doc. 19). That same day, the Motion to Amend and Motion for Expedited Consideration were referred to the undersigned for resolution. The undersigned denied the Motion for Expedited Consideration given the timing of the referral and need to address the arguments raised by the parties. (R. Doc. 20).

## II.    Law and Analysis

### A.    Legal Standard

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which responsive pleading is

---

[2] National Transfer does not dispute that the addition of these defendants would destroy complete diversity required to exercise diversity jurisdiction under 28 U.S.C. § 1332. (*See* R. Doc. 18 at 8).

required, 21 days after service of a responsive pleading or 21 days after service of a motion

under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P 15(a)(1).

Under Rule 15(a)(2), after the period for amendment as a matter of course elapses, "a

party may amend its pleading only with the opposing party's written consent or the court's

leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v.*

*Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to

amend should not be automatically granted, "[a] district court must possess a substantial reason

to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994

(5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining

whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part

of the movant, repeated failure to cure deficiencies by amendments previously allowed undue

prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the

amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981)

(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, when an amendment seeks to add a nondiverse party that would destroy

diversity jurisdiction, 28 U.S.C. § 1447(e) directs district courts to either "deny joinder, or permit

joinder and remand the action to the State court." In *Hensgens v. Deere & Co.*, 833 F.2d 1179

(5th Cir. 1987),[3] the Fifth Circuit instructed district courts "faced with an amended pleading

naming a new nondiverse defendant in a removed case" to "scrutinize that amendment more

---

[3] Section 1447(e) was enacted after the Fifth Circuit's decision in *Hensgens*. Nonetheless, the Fifth Circuit has continuously advised that a trial court considering joinder under § 1447(e) should "temper[ ] its discretion with the standard established by *Hensgens*. . . ." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting *Hensgens* is the "correct legal standard" for court to apply in determining whether to exercise its discretion under § 1447(e) to permit joinder of non-diverse party after removal).

closely than an ordinary amendment," while considering several factors outlined by the Court—*i.e.* 'the *Hensgens* factors.' *Id.* at 1182. The *Hensgens* factors require a balancing of the parties competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id.*

**B.    Analysis**

As an initial matter, Plaintiff asserts that amendment should be allowed as "a matter of course" under Rule 15(a)(1)(B). The Court disagrees. Plaintiff had the opportunity to seek a modification of the stay for the purpose of amending the Complaint within 21 days of service of National Transfer's Answer. Under these circumstances, Plaintiff had to seek leave to amend under Rule 15(a)(2). National Transfer does not raise, and the Court does not find, any substantial reason to deny amendment under Rule 15(a)(2).

At any rate, when applicable, "[Section] 1447(e) trumps Rule 15(a)." *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997); *see Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 715-16 (W.D. Tex. 2014) ("28 U.S.C. § 1447(e) allows the Court discretion to permit or deny joinder, even when a party may otherwise amend as a matter of course."). While Plaintiff has not submitted any specific arguments in support of a finding that amendment to name non-diverse defendants should be allowed under the *Hensgens* factors, the Court nevertheless concludes that it is appropriate to allow amendment and remand this action for lack of diversity jurisdiction.

The only named defendant at the time of removal was National Transport, a diverse defendant allowing for an exercise of diversity jurisdiction under 28 U.S.C. § 1332. There is no

dispute that the Court's initial exercise of diversity jurisdiction was proper. It is of no event that Plaintiff also had potential claims against the non-diverse defendants who were not named in the lawsuit. *See Audrisch v. Ethicon, Inc.*, No. 02-0243, 2002 WL 32151749, at *2 (W.D. La. Apr. 11, 2002) (denying remand where the plaintiffs argued that a "potential" non-diverse defendant, which was not named in the lawsuit, would destroy diversity if later added to the lawsuit after the completion of the medical review panel proceeding, further noting that the court would consider any future amendment to name non-diverse defendants after the completion of the medical review panel proceeding). Now that the medical review panel proceeding has concluded, and Plaintiff is seeking to name non-diverse defendants who were the subject of that proceeding, it is proper for the Court to consider whether amendment and remand should be allowed in light of the *Hensgens* factors.

National Transfer argues that the first *Hensgens* factor weighs against Plaintiff because "Plaintiff failed to name any of the defendants she proposes to add to this matter in her original petition against National Transfer, despite knowing the identify of these parties, which is evidenced by the identification of those persons in the original petition for damages." (R. Doc. 18 at 7). This argument ignores the prohibition in the LMMA with respect to filing an action against qualified health care providers prior to the issuance of the medical review panel's opinion. The LMMA provides, in relevant part, that "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel." La. R.S. 40:1231.8(B)(1)(a)(i). "The Supreme Court of Louisiana has interpreted this provision to not only require the plaintiff to *present* the claim to a medical review panel, but also to wait until 'the panel has *rendered its expert opinion* on the merits of the

complaint' before filing suit." *Flagg v. Stryker Corp.*, 819 F.3d 132, 138 (5th Cir. 2016) (quoting

*Delcambre v. Blood Sys., Inc.*, 893 So.2d 23, 27 (La. 2005)) (emphasis by 5th Circuit).

Here, after removal, Plaintiff obtained an unopposed stay of the action in light of the

pending medical review panel proceedings. As the district judge recognized in issuing the stay, it

was premature for Plaintiff to assert a cause of action against the non-diverse defendants until

issuance of an opinion by the medical review panel. *See Flagg*, 819 F.3d 132 (non-diverse health

care providers were improperly joined as defendants in product liability action prior to the

issuance of a medical review panel's expert opinion on the merits of the claims against the health

care providers); *see also Fisher v. Wallcur, LLC*, No. 15-144-BAJ-RLB, 2016 WL 9504467, at

*4 (M.D. La. Dec. 19, 2016) (amendment to name non-diverse defendants was futile because the

plaintiff sought amendment prior to the issuance of an opinion by the medical review panel).

Accordingly, that Plaintiff knew of her potential claims against the proposed non-diverse

defendants at the time this action was filed in State court does not weigh against allowing

amendment.

The second *Hensgens* factor also weighs in favor of Plaintiff. As stated above, this action

was stayed for the purpose of allowing the medical review panel to conclude its proceedings.

Plaintiff filed the instant Motion to Amend approximately two months after the medical review

panel issued its opinion, and within the additional 180-day extension of the stay sought by the

parties. This timeframe does not support a finding that Plaintiff lacked diligence in seeking

amendment for the purposes of the second *Hensgens* factor. In support of a finding of lack of

diligence, National Transfer asserts that Plaintiff knew of the panel's opinion three weeks prior

to the issuance of the published opinion. (R. Doc. 18 at 7). These additional three weeks do not

demonstrate any lack of diligence, particularly given that Plaintiff could not name the non-diverse defendants until after the published opinion was issued.

The third and fourth *Hensgens* factors also weigh in favor of amendment given that denying amendment would prejudice Plaintiff and result in duplicative proceedings. If Plaintiff is not allowed to amend in this action, Plaintiff would have to file a separate lawsuit against the non-diverse defendants prior to the applicable prescriptive periods.[4]

National Transfer argues, however, that if amendment is allowed, its "ability to present its case in this matter will be seriously impaired by the medical review panel opinion and the testimony of the three panelist[s], especially considering National Transfer was deprived of the opportunity of presenting facts and evidence in its defense to the panel." (R. Doc. 18 at 8). National Transfer asserts that the medical review panel, in issuing its opinion, "erroneously considered National Transfer's actions and specifically made adverse determinations against National Transfer and were further split on whether the actions constituted gross negligence." (R. Doc. 18 at 3). National Transfer's concern is that, upon the addition of the non-diverse defendants and remand of the action, Plaintiff will submit the medical review panel's opinion into evidence and call panel members to testify as experts. Under Louisiana law, "[a] medical review panel's opinion is subject to mandatory admission unless the panel exceeded its statutory authority," and a party has the right to call any medical review panel member as a witness. *Keller v. Touro Infirmary*, 362 So. 3d 403 (La. 2023) (citing La. R.S. 40:1231.8(H)). Furthermore, "any report of the medical review panel's expert opinion 'shall be admissible as evidence in any

---

[4] It is unclear whether Plaintiff has filed any separate lawsuits in State court against the non-diverse defendants in light of the relevant prescriptive periods. If so, the parties can seek appropriate relief from the State court to ensure that the issues raised in the Amended Complaint are resolved in a manner that promotes judicial economy and efficiency.

action subsequently brought by the claimant in a court of law.'" *McGlothlin v. Christus St. Patrick Hosp.*, 65 So. 3d 1218, 1226 (La. 2011) (quoting La. R.S. 40:1299.47(H)).

Whether and to what extent the admission of the medical review panel' opinion or testimony is admissible at trial with respect to National Transfer is an issue for the trial judge to decide. Having considered all relevant factors, the Court concludes that the prospective admission of evidence from the medical review panel's proceeding is an insufficient basis to deny amendment and remand of this action.

**III.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Amend Petition (R. Doc. 15) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the district judge **ORDER** the Clerk's Office to file Plaintiff's First Amended Petition for Damages (R. Doc. 15-3) into the record.

**IT IS FURTHER RECOMMENDED** that the district judge **REMAND** this action to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana for lack of subject matter jurisdiction in light of the addition of the non-diverse defendants.

Signed in Baton Rouge, Louisiana, on August 22, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**